Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5704 | **DATE** | 12/09/2003 |
| **CASE TITLE** | Fieldturf, Inc vs. Triexe Management Group, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 1/28/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss plaintiff's complaint is denied. Enter Memorandum Opinion and Order. Parties are ordered to exchange Rule 26(a)(1) disclosures by 12/30/03.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 11 2003 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIELDTURF, INC., a Canadian company, Plaintiff, v. TRIEXE MANAGEMENT GROUP, INC., a Canadian company; and SPORTEXE, INC., a Florida corporation, Defendants. | No: 03 C 5704<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, FieldTurf, Inc., filed suit against Defendants, Triexe Managment Group, Inc. and Sportexe, Inc., for violations of the trademark infringement, unfair competition, trademark dilutions, and cybersquatting provisions of the Lanham Act. The Defendants then filed a Motion to Dismiss the Plaintiff's Complaint. For the following reasons, that motion is denied.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would

8

entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiff's Complaint. FieldTurf is a Canadian company that designs synthetic turf products and distributes these products worldwide. Triexe is also a Canadian company that makes and sells synthetic turf products. Sportexe is a Florida corporation that makes and sells synthetic turf products.

Plaintiff has used the FieldTurf trademark since at least 1994 in both Canada and the United States. Plaintiff registered its trademark with the United States Patent and Trademark Office on July 16, 2002, for synthetic surfacing consisting of ribbon of synthetic fibers woven on a backing and partially covered by a particulate infill for the playing of soccer, football, and other athletic activities. The registration identifies a first-use date of the trademark by the Plaintiff as March 21, 1994.

Defendants are direct competitors of Plaintiff. On June 30, 2000, Defendants registered the commercial domain name "<FieldTurf.net>" as an internet website. Defendants made commercial use of the domain name "<FieldTurf.net>."

On September 18, 2000, Defendants registered the commercial domain name "<FieldTurf.info>" as an internet website. Defendants made commercial use of the domain name "<FieldTurf.info>."

2

Defendant "cybersquatted" the websites, in violation of the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d). Plaintiff, in its prayer for relief, requested statutory damages for this alleged violation.

## ANALYSIS

*Use in Commerce Counts*

The trademark infringement statute, 15 U.S.C. § 1114(a), the unfair competition statute, 15 U.S.C. § 1125(a), and the trademark dilution statute, 15 U.S.C. § 1125(c), all require the trademark owner to demonstrate that the defendant used the mark in commerce. "The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not merely to reserve a right in a mark." 15 U.S.C. § 1127.

Defendants contend that allegations of registering or warehousing a domain name fails to state a cause of action for trademark infringement or unfair competition. Defendants also argue that registration of a domain name cannot give rise to a cause of action. According to Defendants, and the declaration submitted by the President of Triexe and the Chairman of Sportexe, Mark Nicholls, the Defendants merely registered the domain names and did not use the marks in commerce. Therefore, Counts I-VI – the trademark infringement, unfair competition, and the trademark dilution counts – should be dismissed.

However, Plaintiff allege in its Complaint that Defendants used the FieldTurf mark in commerce. Specifically, Plaintiffs allege that Defendants made commercial use of both "<FieldTurf.net>" and "<FieldTurf.info>." Defendants have submitted a declaration with attached exhibits in support of their Motion to Dismiss. Under the Federal Rules of Civil Procedure, the allegations of Plaintiff's Complaint are sufficient to put Defendants on notice of

3

the claims. Moreover, it is not appropriate to consider the declaration presented by Defendants on a Motion to Dismiss. *See, e.g., Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Accordingly, Defendants' Motion to Dismiss Counts I-VI is denied.

*Cybersquatting Counts*

Defendants next argue that Counts VII and VIII, the cybersquatting counts based on 15 U.S.C. § 1125(d), should be dismissed because Plaintiff has not alleged that it suffered any damages as a result of Defendants' registration of "<FieldTurf.net>" and "<FieldTurf.info>." In addition, Defendants claim that any statutory damages should not be awarded because the cost to litigate the matter will far exceed any statutory damages; therefore, any recovery is *de minimis*.

A plaintiff seeking to recover under § 1125(d) may elect an award of statutory damages for each violation of the cybersquatting statute instead of actual damages. 15 U.S.C. § 1117(d). Here, Plaintiff elected to pursue statutory damages in its Complaint for the cybersquatting counts. Defendants present no authority for the proposition that a cybersquatting claim can be dismissed because § 1117(d) statutory damages will be *de minimis* compared to the cost to litigate the matter. Therefore, Defendants' Motion to Dismiss Counts VII and VIII is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: December 10, 2003

JOHN W. DARRAH
United States District Judge

4